IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DOG HOUSE HOLDINGS, LLC D/B/A DOG HOUSE BAR AND GRILL; MYRTLE BEACH HOLDINGS, LLC, D/B/A SECRETS CABARET; THOMAS DUDAK; AND RICHARD CAMPBELL,<br><br>Defendants. | Case No. 4:09-CV-02805-TLW |

**ORDER OF JUDGMENT**

This matter comes before this Court upon the filing by Plaintiff, FIRST MERCURY INSURANCE COMPANY ("First Mercury"), and Defendant DOG HOUSE HOLDINGS, LLC D/B/A DOG HOUSE BAR AND GRILL ("Dog House"), of a Consent Stipulation for Entry of Judgment. Based upon this Consent Stipulation, this Court makes the following findings:

1. Dog House and First Mercury are the insured and insurer, respectively, under a Commercial Package Insurance Policy, Policy Number FMAP093358 ("the Policy").

2. Dog House tendered a claim ("the Claim") under the Policy based on allegations raised by Richard Campbell ("Campbell") in *Richard Campbell v. Dog House Holdings, LLC D/B/A The Dog House Bar & Grill, et al.; Civil Action No. 2009-CP-26-7305*, pending in the Court of Common Pleas, Horry County, South Carolina ("the Underlying Lawsuit"). This tendered claim was initially based on the Summons and Complaint dated July 27, 2009, but was revised to encompass the Amended Summons and Complaint dated September 3, 2009, and the Second Amended

Summons and Complaint dated November 16, 2009 (all of these complaints are encompassed within the term "Underlying Lawsuit"). To date, First Mercury has provided a defense to Dog House in the Underlying Lawsuit subject to a reservation of rights and notice of nonwaiver.

3. Both the Summons and Complaint and the Amended Summons and Complaint allege that a third-party shot and injured Campbell while on the premises of the Dog House Bar & Grill, a restaurant/bar operated by Dog House.

4. The Policy contains two coverage parts, the Commercial General Liability Part and the Liquor Liability Part. Both of these coverage parts contain Assault and Battery Exclusion, as well as an "intentional act" exclusion as are set forth in detail in the Complaint in this declaratory judgment action.

5. Dog House has stipulated that the Policy does not require First Mercury to provide commercial general or liquor liability insurance coverage to Dog House or any other insured under the Policy for the claims asserted by Campbell in the Underlying Lawsuit.

6. Dog House has stipulated that the Policy does not require First Mercury to provide a legal defense to Dog House or any other insured under the Policy for the claims asserted by Campbell in the Underlying Lawsuit.

7. Dog House has stipulated that the Policy does not require First Mercury to indemnify Dog House or any other insured under the Policy for the claims asserted by Campbell in the Underlying Lawsuit.

8. Dog House has stipulated that First Mercury is entitled to each and every declaration requested as to Dog House contained within the Complaint in this declaratory judgment action.

9. First Mercury has stipulated that it shall take nothing by virtue of its claims for monetary relief, attorneys' fees, or costs in this action.

10. First Mercury has stipulated it shall not recoup any costs or expenses incurred in this action or in the Underlying Lawsuit, whether incurred by virtue of defending Dog House or otherwise, up to and including the date of the entry of the proposed final judgment issued by the Court.

11. Dog House and First Mercury have stipulated that they shall bear their own fees and costs in this action.

12. Dog House has agreed that within twenty (20) days after entry of this Order that it shall execute a proposed Consent Order for Substitution of Counsel in the Underlying Lawsuit, substituting counsel of its own choosing for counsel provided by First Mercury to date.

13. Dog House has agreed that the substitution of counsel and withdrawal of defense counsel by First Mercury shall not be grounds for any action or claim against First Mercury, now or in the future, sounding in any theory, including, but not limited to, bad faith and/or breach of contract.

Based upon the above findings, it is ADJUDGED and ORDERED that:

1. The stipulations of First Mercury and Dog House are accepted by this Court.

2. The Policy does not require First Mercury to provide commercial general or liquor liability insurance coverage to Dog House or any other insured under the Policy for the claims asserted by Campbell in the Underlying Lawsuit.

3. The Policy does not require First Mercury to provide a legal defense to Dog House or any other insured under the Policy for the claims asserted by Campbell in the Underlying Lawsuit.

4. The Policy does not require First Mercury to indemnify Dog House or any other insured under the Policy for the claims asserted by Campbell in the Underlying Lawsuit.

5. First Mercury is entitled to each and every declaration requested as to Dog House contained within the Complaint in this declaratory judgment action.

6. Dog House and First Mercury shall bear their own fees and costs in this action.

7. Dog House shall execute and file a proposed Consent Order for Substitution of Counsel in the Underlying Lawsuit within twenty (20) days after entry of this Order, substituting counsel of its own choosing for counsel provided by First Mercury to date.

8. The substitution of counsel and withdrawal of defense counsel in accordance with the Consent Order for Substitution of Counsel shall not be grounds for any action or claim against First Mercury, now or in the future, sounding in any theory, including, but not limited to, bad faith and/or breach of contract.

9. The findings set forth herein are only intended to apply to the Policy at issue. This Final Judgment shall not impact coverage, or lack of coverage, under any other policies of insurance, either with respect to the allegations in the Underlying Lawsuit or otherwise.

IT IS SO ORDERED.

s/ Terry L. Wooten
Terry L. Wooten
UNITED STATES DISTRICT COURT JUDGE

DATE: March 4, 2010
Florence, South Carolina